U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shawn C. McGuire | : | Chapter 13 |
| Plaintiff | : | |
| v. | : | Bankruptcy No.: 13-16141 |
| | : | |
| HSBC Bank USA, National Association | : | AP No. 14-00068 |
| Defendant | : | |

## MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiff, Shawn C. McGuire, through his undersigned counsel, and respectfully request an entry of judgment by default in this matter, and in support thereof, avers the following:

1. The Summons in the instant adversary was issued on or about February 11, 2014 and timely served, along with the Complaint, by first class mail and certified mail return receipt requested, on February 11, 2014. A true and correct copy of our letters dated February 11, 2014 and Certified Mail Receipts are attached hereto as "**Exhibit A**".

2. Pursuant to Bankruptcy Rule 7012(a), the Defendants were required to answer or otherwise respond to the Complaint within 30 days of issuance of the summons, i.e., on or before March 13, 2014.

3. As of this date, the Defendant has failed to plead or otherwise defend against the Complaint.

4. The relief sought in this Complaint is a determination that the first mortgage on the Plaintiff's residence exceeds the value of the property, and that the claim of the second mortgage is therefore wholly unsecured under 11 U.S.C. § 506, and is subject to avoidance as such.

5.   As a general rule, a defendant in default admits the factual allegations in the complaint:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. Fed. R. Civ. Pro. 8(d); See e.g., *Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n. 3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted."); *Music City v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985) ("the averments, not denied, contained in plaintiffs' complaint are deemed to be admitted"); *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 U.S. Dist. LEXIS 12249, 11-12 (E.D. Va. 2005).

6.   The Complaint in this case states:

a.   The Debtor and/or their bankruptcy estate own, in fee simple, a parcel of residential real estate located at 26 West Roland Road, Brookhaven, PA 19015 (hereinafter referred to as the "Real Property").

b.   The Debtor is indebted to certain creditors holding mortgages against the real property as follows:

| Creditor | Lien Date | Amount Owing |
|---|---|---|
| **Mortgage #1:** Nationstar Mortgage, LLC | 3/2006 | $177,584.84 |
| **Mortgage #2:** Nationstar Mortgage, LLC | 3/2006 | $53,266.89 |

c.   Based on Proof of Claim number 3-1, the first mortgage had a current balance of $177,584.84.

d.   In accordance with the Debtors' Schedule "A," the subject property is valued at $124,234.00.

7.   There can be no question of legal entitlement to the relief sought once the facts as pled are deemed admitted by the default. Consistent with Bankruptcy Code § 506(a) and the decisions in *Dean v. LaPlaya Inv., Inc. (In re Dean)*, 319 B.R. 474 (Bankr.

E.D. Va. 2004); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126, 127 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000), and *Johnson vs. Asset Management Group, LLC*, 226 B.R. 364 (D. Md. 1998), because Defendant's second mortgage is wholly unsecured relative to the Real Property, Defendant is not in any respect a holder of a claim secured by the Debtors' residence and, as such, holds only an unsecured claim.

8. Finally, as the Defendant is a corporate entity, it could not be in the military service, and the Service members Civil Relief Act does not affect Plaintiff's right to a default judgment. As such, Plaintiffs are entitled to default judgment for the relief requested.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter an Order:

(i) Granting judgment by default in Plaintiffs' favor;

(ii) Finding that the Defendant's claim reflected by the second mortgage recorded in the Office of the Register of Deeds for Delaware County, Pennsylvania for the property located at 26 West Roland Avenue, Brookhaven, Pennsylvania 19015 is wholly unsecured; and

(iii) Subject to completion of the Plan in this case, directing that the lien be ordered avoided and stripped from the Real Property.

Respectfully submitted,

Sadek and Cooper

/s/ *Brad J. Sadek*
Brad J. Sadek, Esquire
Attorney for Debtor/Plaintiff
Attorney I.D. No. 90488
1315 Walnut Street, Suite 302
Philadelphia, PA  19107

March 17, 2014